This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39278**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.

**ALEJANDRO M.,**

   Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeffrey A. Shannon, District Judge**

Hector H. Balderas, Attorney General
Laurie Blevins, Assistant Attorney General
Santa Fe, NM

for Appellee

Harrison & Hart, LLC
Daniel J. Gallegos
Nicholas T. Hart
Albuquerque, NM

for Appellant

### DECISION

**BOGARDUS, Judge.**

**{1}** This is an interlocutory appeal brought by Alejandro M. (Child), which challenges the district court's order disqualifying an attorney in the Eighth Judicial District Attorney's Office (District Attorney's Office) from prosecuting him, but refusing to disqualify the entire office as Child requested. Child argues the district court erred in failing to disqualify the entire District Attorney's Office because the State is required to put in place an effective screening system if an attorney is disqualified, and the State failed to meet its burden to establish that members of the office had been effectively screened

from contact with the disqualified attorney, Carmela Starace (ADA Starace). We reverse.

**BACKGROUND**

**{2}** Child has two cases pending against him that are relevant to this appeal. In the matter before us ("the handgun case"), Child was charged based on an incident involving a handgun, for the delinquent acts of aggravated assault with a deadly weapon, contrary to NMSA 1978, Section 30-3-2(A) (1963); abuse of a child that does not result in death or great bodily harm, contrary to NMSA 1978, Section 30-6-1(D) (2009); larceny of a firearm, contrary to NMSA 1978, Section 30-16-1 (2006); tampering with evidence, contrary to NMSA 1978, Section 30-22-5 (2003); and aggravated assault with intent to commit a felony, contrary to Section 30-3-2(C). ADA Starace, a prosecutor for the District Attorney's Office, filed the petition against Child.

**{3}** Around the same time, Child was charged in a separate matter ("the shotgun case"), as a youthful offender for attempt to commit second degree murder, contrary to NMSA 1978, Section 30-2-1(B) (1994), and NMSA 1978, Section 30-28-1 (1963); shooting from a motor vehicle causing great bodily harm, contrary to NMSA 1978, Section 30-3-8(B) (1993); aggravated battery, contrary to NMSA 1978, Section 30-3-5 (1969); and two counts of tampering with evidence, contrary to Section 30-22-5. The parties agree that Child was alleged to have shot a man with a shotgun in that case. ADA Starace was also the prosecuting attorney for the shotgun case.

**{4}** A few months after Child was charged in the handgun case, he filed a motion to disqualify the District Attorney's Office from further prosecuting his case based on alleged prosecutorial misconduct on ADA Starace's part in the shotgun case. The district court held a hearing on the matter, and Child's sister, Alma Martinez, testified. Martinez testified she was subpoenaed to be a witness during the preliminary hearing in the shotgun case. Martinez explained that before the preliminary hearing, she met with ADA Starace and explained that she had heard from a third person that Child had stated he "shot a Mexican." Martinez testified that ADA Starace told her that she needed to testify at the preliminary hearing that Child told Martinez directly—as opposed to Child telling a third person, who then told Martinez—that he had shot someone. Martinez believed ADA Starace wanted her to lie at the preliminary hearing. Before the preliminary hearing began, Martinez spoke with District Attorney Marcus Montoya (DA Montoya), who informed Martinez she did not have to testify at the preliminary hearing for the shotgun case, and she did not testify. Martinez's testimony at the hearing regarding the disqualification of the District Attorney's Office was uncontroverted.

**{5}** The district court granted Child's motion to disqualify in part and denied the motion in part, concluding that ADA Starace was disqualified from prosecuting the handgun case, but that the District Attorney's Office was not disqualified from continuing to prosecute Child. Child filed a notice of intent for interlocutory appeal.

**DISCUSSION**

**{6}**     Child argues that the disqualification of ADA Starace created an appearance of impropriety or unfairness, which as a matter of law, was imputed to the entire office where she worked. Child argues that because the State presented no evidence of screening between ADA Starace and the members of the District Attorney's Office, which would have dissipated the appearance of impropriety or unfairness, the State did not meet its burden of proof and the entire District Attorney's Office must be disqualified. The State argues that Child's appeal was not preserved because his argument at the hearing made no reference to screening mechanisms and that the issue of imputation is moot.

**{7}**     We first address the State's argument regarding preservation. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the [district] court was fairly invoked."). Child argued in his written motion to the district court that the State had "the burden to demonstrate that there was some form of screening that took place that alleviated the conflict in the matter being imputed to the entire Office of the District Attorney. This was not done." Child also made this same argument at the hearing on the motion. Based on this, Child made "a timely objection that specifically apprise[d] the [district] court of the nature of the claimed error and invoke[d] an intelligent ruling thereon." *See State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 (internal quotation marks and citation omitted). Because the argument was properly preserved, we next turn to the merits of the appeal.

**{8}**     Our Supreme Court has noted that the appropriate standard of review for disqualifying a prosecutor's office "actually is more complex" than simply reviewing for abuse of discretion. *State v. Gonzales*, 2005-NMSC-025, ¶ 20, 138 N.M. 271, 119 P.3d 151. It noted that appellate review depends upon the "nature of the order and the grounds on which the order is challenged." *Id.* ¶ 25. When the district court resolves the historical facts, we review under the deferential standard of substantial evidence review. *Id.* ¶ 21. "Where the district court resolves issues involving values that animate legal principles or the consideration of abstract legal doctrines that require the balancing of underlying policies and competing legal interests, our review is de novo." *State v. Robinson*, 2008-NMCA-036, ¶ 10, 143 N.M. 646, 179 P.3d 1254 (internal quotation marks and citation omitted).

**{9}**     A district court must apply a particular analytical framework to determine whether to disqualify one or more members of a prosecuting staff. "First, the defendant has the burden to establish that a member of the district attorney's staff is disqualified from participation in the prosecution." *State v. Pennington*, 1993-NMCA-037, ¶ 18, 115 N.M. 372, 851 P.2d 494; *see id.* (concluding that the defendant met his burden of proof by proving that a staff member working in the office prosecuting him had previously worked for the defendant on the same matter).[1] In doing so, the district court must "determine whether prosecution by a member of the district attorney's office is inconsistent with a

---

[1]The State argues *Pennington* does not apply because the facts and procedural posture in *Pennington* do not compare to this case. While the State is correct that the facts are different, the analytical framework set out in *Pennington* for disqualification applies and has been affirmed by both New Mexico appellate courts. *See Gonzales*, 2005-NMSC-025, ¶¶ 28-32; *Robinson*, 2008-NMCA-036, ¶ 13.

particular standard of professional conduct, justifying disqualification of that person." *Gonzales*, 2005-NMSC-025, ¶ 28.

**{10}** Once a member of the office is disqualified, the district court must then "determine whether the entire office is disqualified by imputation." *Id.* ¶ 30. "[T]he state has the burden to establish that staff members working on the prosecution have been effectively screened from contact with the disqualified staff member concerning the case." *Pennington*, 1993-NMCA-037, ¶ 19. "[S]creening mechanisms commonly utilized in public and private law offices may be effective to dissipate the appearance of unfairness." *Gonzales*, 2005-NMSC-025, ¶ 30 (internal quotation marks omitted). Once the State's burden is met, a district court "should determine whether a reasonable person standing in the shoes of the defendant should be satisfied that his or her interests will not be compromised." *Id.* ¶ 31 (internal quotation marks and citation omitted). In reviewing this decision, appellate courts should "determine whether the facts support the court's conclusion that the public would perceive continued prosecution by the district attorney's office as improper and unjust, so as to undermine the credibility of the criminal process in our courts." *Id.* (omission, internal quotation marks, and citation omitted). We acknowledge that "[d]isqualification of a prosecutor should remain a rare event; disqualification of an entire office even more so." *Id.* ¶ 51.

**{11}** In this case, the district court found, and the State does not dispute, that "[b]ased on the uncontroverted testimony of [a] witness, . . . Martinez, . . . finds that counsel for the [S]tate, [ADA] Starace, violated Rule 16-304[(B) NMRA] of the Rules of Professional [Conduct] in her prosecution of [C]hild." Rule 16-304(B) prohibits any attorney, including a prosecutor, from counseling a witness to testify falsely. What remains to be determined by the Court, based on Child's appeal, is whether disqualification of ADA Starace required that the entire office be disqualified because of the appearance of unfairness or impropriety that arises when one member of an office is disqualified from prosecuting a defendant. *See Gonzales*, 2005-NMSC-025, ¶ 30. Once she was disqualified, the State "had the burden to demonstrate that [ADA Starace] was screened from the criminal proceeding." *Id.* ¶ 48.

**{12}** While the parties—particularly the State—had an opportunity to present facts and law regarding imputation, *no* evidence was presented regarding screening procedures and if they were adequate to assure that "a reasonable person standing in the shoes of [Child would] be satisfied that his . . . interests [would] not be compromised." *See id.* ¶ 31 (internal quotation marks and citation omitted). Based on this lack of evidence, we cannot conclude that the State met its burden of proof. And because the State did not meet its burden of proof, we conclude that the disqualification of ADA Starace should be imputed to the District Attorney's Office.

**{13}** The State argues that ADA Starace's disqualification should not be imputed to the District Attorney's Office because a reasonable person would not believe that continued prosecution by the office was improper. The State fails to recognize that under our case law, it had the burden to prove ADA Starace was appropriately screened from contact from the other members of the office regarding this case before the district

court could determine if a reasonable person would be satisfied that continued prosecution of Child was not improper or unjust. *See id.* ¶ 48. We note that even if, as it may be in this case, it is unlikely that confidential information was at issue, given the State's burden of proof to dissipate the appearance of impropriety and unfairness, *see id.* ¶ 30, it is important the State provide some evidence of screening, to "protect the public's interest while continuing with the prosecution through other members of the office," *id.* ¶ 32, in order to "maintain both public and individual confidence in the integrity of our judicial system." *Id.* ¶ 31 (internal quotation marks and citation omitted).

{14}    The State also argues that the issue of screening is moot because ADA Starace indicated on the record that she was leaving the District Attorney's Office to work in private practice. However, the particulars of ADA Starace's representation to the district court regarding her employment situation are not on the record. ADA Starace only stated she was "leaving"; she did not testify regarding any details of her employment future; she did not indicate when her resignation was effective; nor did she speak of screening protocols within the District Attorney's Office prior to her departure but after the circumstances that led to the district court's determination that she had violated Rule 16-304(B). As such, ADA Starace's departure from the District Attorney's office is not sufficient to rebut the presumption that "employees of a law office share confidences with respect to matters being handled by the office." *Pennington*, 1993-NMCA-037, ¶ 19.

**CONCLUSION**

{15}    We conclude the district court erred in denying Child's motion to disqualify insofar as it related to the District Attorney's Office given the State's failure to meet its burden of establishing an appropriate level of screening between ADA Starace and the District Attorney's Office. We reverse and remand for proceedings consistent with this opinion.

{16}    **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**I CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JANE B. YOHALEM, Judge (dissenting).**

**YOHALEM, Judge (dissenting).**

{17}    I respectfully dissent from the majority's holding that the disqualification of a single lawyer in a district attorney's office for violation of a Rule of Professional Conduct must be imputed to the whole district attorney's office unless the State demonstrates that the disqualified attorney will be screened from other attorneys in the office subsequently assigned to the case. In my view, the majority's reliance on the Court's

decision in *Pennington* is misplaced. 1993-NMCA-037. I would turn instead to our Supreme Court's subsequent decision in *Gonzales*, and specifically to the standard adopted in *Gonzales* for determining when an entire district attorney's office must be disqualified. 2005-NMSC-025. Applying that standard, I would affirm the district court's decision to disqualify only the attorney who violated a Rule of Professional Conduct and allow the District Attorney's Office to proceed with the prosecution of Child. The majority deciding to the contrary, I respectfully dissent.

**{18}**   Although screening can be effective in dissipating the appearance of impropriety and unfairness created by a conflict of interest limited to a single attorney,[2] screening is not required in every case where the ethical violation does not involve a conflict of interest with a former client. *See Gonzales*, 2005-NMSC-025, ¶ 31. The majority relies on the Court's decision in *Pennington*, a case involving the kind of conflict of interest best remedied by screening. 1993-NMCA-037. Subsequent to the Court's decision in *Pennington*, however, our Supreme Court in *Gonzales* revisited the question of when disqualification of an entire district attorney's office is required. 2005-NMSC-025. Noting that *Pennington* "did not articulate a rule for determining when an appearance of impropriety or unfairness requires disqualification of an entire office," *Gonzales*, 2005-NMSC-025, ¶ 31, our Supreme Court adopted the following rule: "a court should determine whether a reasonable person standing in the shoes of the defendant should be satisfied that his or her interests will not be compromised." *Id.* (internal quotation marks and citation omitted). The Supreme Court directed the appellate court on review to determine "whether the facts support [a] conclusion that the public would perceive continued prosecution by the district attorney's office as improper and unjust, so as to undermine the credibility of the criminal process in our courts." *Id.* (omission, internal quotation marks, and citation omitted). Appellate review of these interrelated questions of law and policy is de novo, with deference being accorded only to the district court's findings of fact. *Id.* ¶ 25.

**{19}**   In explaining the application of this standard, *Gonzales* encourages both the district and appellate courts to give substantial weight to the important state interests impacted when an entire district attorney's office is disqualified. *See id.* ¶ 32. *Gonzales* cautions that disqualification of an entire district attorney's office should be ordered only in the rarest of circumstances. *Id.* ¶ 51.

**{20}**   I cannot agree with the majority's reading of *Pennington* and *Gonzales*, which eliminates this review of whether "the public would perceive continued prosecution by the district attorney's office as improper and unjust," *Gonzales*, 2005-NMSC-025, ¶ 31 (omission, internal quotation marks, and citation omitted), replacing it with a requirement that the State demonstrate in every case that it has put in place a screening system to dissipate any appearance of impropriety and unfairness. Although screening is likely the best option to dissipate the kind of prejudice created when a newly-hired assistant prosecutor has a conflict of interest involving a former client, the mere absence of

---

2Screening is required by Rule 16-110(D) NMRA in private practice as a way to contain such a conflict and allow a firm to continue to represent a client with an interest adverse to a former client of one of the firm's members or employees.

evidence of screening in this case, where no Rule of Professional Conduct involving a conflict of interest was in issue, does not demand disqualification of the entire District Attorney's Office. Before the State is required to introduce evidence about the use of a screening device to dissipate an appearance of impropriety or unfairness, there must be evidence supporting a conclusion of law that the nature of the individual attorney's ethical violation is such that the public would perceive continued prosecution by the district attorney, or other lawyers in the district attorney's office, to be improper and unjust. The district court held that the evidence in this case does not support such a conclusion. I agree.

**{21}**　The evidence at the hearing was undisputed. ADA Starace was disqualified from prosecuting Child's cases for violation of Rule 16-304(B). Rule 16-304(B) prohibits any attorney, including a prosecutor, from counseling a witness to testify falsely. The witness, Martinez, testified that she told ADA Starace before the preliminary hearing in her brother's case that she had heard from a third person that her brother had told the third person he "shot a Mexican." Martinez testified that ADA Starace told her that she needed to testify at the preliminary hearing that her brother told her directly—as opposed to her brother telling a third person, who then told Martinez—that he had shot someone. Martinez believed ADA Starace wanted her to lie at the preliminary hearing, and the district court credited this testimony. The district court's decision disqualifying ADA Starace from continuing to prosecute Child is not challenged on appeal.

**{22}**　The following undisputed testimony went to the question of whether disqualification of the whole district attorney's office was required. Both Martinez and DA Montoya testified that DA Montoya was not present in the interview by ADA Starace until well after the improper request was made. Both Martinez and DA Montoya testified that when Martinez was waiting outside the courtroom to testify, DA Montoya came out of the hearing and spoke with her. Martinez told him that her brother, Child, had not made a statement to her; that she heard about it from a third party; and that she was not comfortable testifying. DA Montoya told her she did not need to testify and allowed her to leave.

**{23}**　There was no evidence that any other attorney participated in or approved ADA Starace's conduct, and there is affirmative evidence that DA Montoya intervened and appropriately protected the witness and Child. Under these circumstances, the district court properly weighed the competing legal interests in avoiding the appearance that a prosecution is unjust or improper, and the interests of the State in having the official elected to prosecute in a particular district proceed with a case within their jurisdiction. I would affirm. Because the majority holds otherwise, I respectfully dissent.

**JANE B. YOHALEM, Judge**